UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

AFFORDABLE AERIAL
PHOTOGRAPHY INC.,

    Plaintiff,

v.

MICHAEL NICKLAUS and
GOLDEN BEAR REALTY LLC,

    Defendants.
_____/

# COMPLAINT FOR COPYRIGHT INFRINGEMENT AND CIRCUMVENTION

    Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY INC., a Florida corporation, by and through undersigned counsel, brings this Complaint against defendant, GOLDEN BEAR REALTY LLC, a Florida limited Liability Corporation, and MICHAEL NICKLAUS, individually, for damages and injunctive relief, and in support thereof states as follows:

1.     This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

2.     This Court has subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a).

3.     Defendants are subject to personal jurisdiction in Florida.

4.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and the Defendants are all subject to personal jurisdiction in this district.

## THE PLAINTIFF

5.     AFFORDABLE AERIAL PHOTOGRAPHY INC. ("AAP") provides high-end real estate photography services to real estate brokers and agents in South Florida.

6.     Robert Stevens is AAP's principal photographer and its founder. Mr. Stevens' work is sought after by real estate professionals throughout South Florida.  Mr. Stevens specializes in high-end aerials, stunning exterior and interior shots taken during the day, at dusk, and at night, as well as slide shows, virtual tours and a full array of stock photography for luxury real estate professionals.  For the past eight years, Stevens has photographed some of the most expensive real estate listings in U.S. history, including Donald Trump's mega-mansion in Palm Beach listed for $125 million.  From Palm Beach to California, the Bahamas and New York, Stevens has been contracted to photograph the estates of Madonna, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney and Chris Evert.

7.     Since 2005, AAP has served the needs of real estate professionals by providing high quality interior, exterior and aerial photographs of homes and businesses for use in real estate listings, brochures, advertisements and marketing material. In that time, AAP has developed a well deserved reputation as a trusted source for photographs of real estate in South Florida and beyond. AAP provides photo shoots to a client's specifications, and also sells images online at its website www.stockimagedepot.com.

## DEFENDANTS

8.     GOLDEN BEAR REALTY LLC ("GOLDEN BEAR") is a Florida limited liability company licensed by the Florida Department of Business and Professional Regulation as Real Estate Corporation, License No. CQ1023415. GOLDEN BEAR'S principal office is located at 11811 US Highway One, Suite 206, North Palm Beach, Florida 33408.

9.     MICHAEL NICKLAUS is the Managing Member of GOLDEN BEAR and a licensed real estate broker licensed by the Florida Department of Business and Professional Regulation, License Nos. BK3048031 and BK3237258.  NICKLAUS' office is also at 11811 US Highway One, Suite 206, North Palm Beach, Florida 33408.

10. As a licensed real estate broker operating a licensed real estate corporation, NICKLAUS and GOLDEN BEAR broker sales of real estate in Florida and, more specifically, high-end homes in Palm Beach County.

11. GOLDEN BEAR maintains a website displaying photographs of the real estate it offers for sale at www.goldenbearhomes.com.

12. NICKLAUS profited from acts of GOLDEN BEAR alleged herein while declining to exercise a right to stop it.

## THE COPYRIGHTED WORKS AT ISSUE

13. Robert Stevens took the copyrighted photographs at issue in this action listed in Exhibit A hereto and collectively referred to herein as the "Works."

14. All the Works were created by Stevens as an employee of AAP.

15. All the Works are protected by copyright.

16. AAP filed applications to register the Works with the Register of Copyright on March 13, 2013 and was assigned the case numbers for those applications listed on Exhibit A.

17. All the Works contain copyright management information consisting of the following in digital form:

    a. the name "Robert Stevens";

    b. the name "Affordable Aerial Photography";

    c. the "Affordable Aerial Photography" logo;

    d. a notice of copyright;

    e. the year the photograph was taken;

    f. other identifying information disclosing Stevens as photographer or AAP as the owner of the photograph;

    g. a combination of one or more of the above.

The copyright management information listed in a. through g. above will be referred to herein as the AAP CMI.

18. AAP licensed digital copies of the Works to real estate agents pursuant to a written license that restricted use of the Works by the agents to the specific real estate listing for which the Works were created.

19. AAP also licensed digital copies of certain of the Works that were not

created specifically for a real estate agent's listing to individuals and businesses who purchased those licenses at www.stockimagedepot.com. Attached hereto as Exhibit B are the "Terms of Use" and "End User License Agreement" that apply to all purchases of licenses for digital copies of the Works at www.stockimagedepot.com.

### INFRINGEMENT AND CIRCUMVENTION BY THE DEFENDANTS

20. In or about August of 2012, AAP and Stevens learned that GOLDEN BEAR was displaying the Works on its website at www.goldenbearhomes.com.

21. Stevens visited the www.goldenbearhomes.com website and observed that the Works were displayed on the www.goldenbearhomes.com website without his permission or authority. Attached hereto as Exhibit C are printouts of the www.goldenbearhomes.com website showing the Works displayed there.

22. Stevens observed that the AAP CMI had been removed from the Works displayed on the www.goldenbearrealty.com website.

23. Stevens also visited www.trulia.com, a website that contains real estate listings placed there by multiple listing services at the request of real estate brokerages such as Golden Bear. Stevens observed that certain of the Works, specifically photographs that depicted 151 Sota Drive, Jupiter, Florida, were displayed without Stevens' authorization in a Golden Bear listing. Attached hereto as Exhibit D are printouts of the real estate listing on www.trulia.com posted by Golden Bear showing the Works.

24. Neither AAP nor Stevens ever gave GOLDEN BEAR or NICKLAUS permission or authority to copy the Works, display the works, or remove the AAP CMI.

25. Stevens contacted GOLDEN BEAR and NICKLAUS on behalf of AAP and requested they cease and desist from infringing the Works. NICKLAUS and GOLDEN BEAR initially agreed to cease infringing the Works but failed to remove them for several months until Stevens enlisted the assistance of a local multiple listing service which contacted NICKLAUS and GOLDEN BEAR and, thereafter, certain of the photographs were removed.

26. Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I
## COPYRIGHT INFRINGEMENT
## AGAINST GOLDEN BEAR

27.     Plaintiff AAP incorporates the allegations of paragraphs 1 through 26 of this complaint as if fully set forth herein.

28.     AAP owns valid copyrights in the Works.

29.     AAP has filed a copyright registration for the Works with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30.     GOLDEN BEAR copied and displayed the Works and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

31.     AAP has been damaged.

32.     The harm caused to AAP has been irreparable.

## COUNT II
## COPYRIGHT INFRINGEMENT
## AGAINST NICKLAUS

33.     Plaintiff AAP incorporates the allegations of paragraphs 1 through 26 of this complaint as if fully set forth herein.

34.     AAP owns valid copyrights in the Works.

35.     AAP has filed a copyright registration for the Works with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

36.     GOLDEN BEAR copied and displayed the Works and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

37.     NICKLAUS profited from the direct infringement by GOLDEN BEAR of the exclusive rights of AAP under the Copyright Act while declining to exercise a right to stop it.

38.     AAP has been damaged.

39.     The harm caused to AAAP has been irreparable.

## COUNT III
## CIRCUMVENTION BY REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
## AGAINST GOLDEN BEAR

40. Plaintiff AAP incorporates the allegations of paragraphs 1 through 26 of this complaint as if fully set forth herein.

41. The Works contain the AAP CMI.

42. GOLDEN BEAR knowingly and with the intent to enable or facilitate copyright infringement, altered or removed the AAP CMI from the Works in violation of 17 U.S.C. § 1202(b).

43. GOLDEN BEAR committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of AAP's rights in the Works protected under the Copyright Act.

44. AAP has been damaged.

45. The harm caused to AAAP has been irreparable.

## COUNT IV
## CIRCUMVENTION BY REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
## AGAINST NICKLAUS

46. Plaintiff AAP incorporates the allegations of paragraphs 1 through 26 of this complaint as if fully set forth herein.

47. The Works contain the AAP CMI.

48. GOLDEN BEAR knowingly and with the intent to enable or facilitate copyright infringement, altered or removed the AAP CMI from the Works in violation of 17 U.S.C. § 1202(b).

49. NICKLAUS caused, directed and authorized employees of GOLDEN BEAR to commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of AAP's rights in the Works protected under the Copyright Act.

50. AAP has been damaged.

51. The harm caused to AAAP has been irreparable.

WHEREFORE, the Plaintiff AAP prays for judgment against the Defendants that:

   a. GOLDEN BEAR and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

   b. During the pendency of this lawsuit GOLDEN BEAR be required to recall from all recipients thereof and to deliver to the Plaintiff all copies of the Works and to account to the Plaintiff for the extent of the infringement;

   c. During the pendency of this lawsuit the Court to order the impounding, on such terms as it deems reasonable, of all copies of the Works in the possession, custody and control of the Defendants;

   d. Defendants be required to pay Plaintiff its actual damages or statutory damages as provided in 17 U.S.C. §§ 504 and 1203.

   e. Plaintiff be awarded its attorneys fees and costs of suit under the applicable statutes sued upon;

   f. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: March 13, 2013

        Schneider Rothman Intellectual Property Law Group PLLC
        PO Box 812182
        Boca Raton, FL 33481-2182
        561-404-4350
        Fax: 561-404-4353
        Attorneys for Plaintiff

By: _/s/ Joel B. Rothman_____
        Joel B. Rothman
        Florida Bar No. 98220
        joel.rothman@sriplaw.com
        Jerold I. Schneider
        Florida Bar No. 0026975
        jerold.schneider@sriplaw.com