UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:13-CV-80254 RYSKAMP/HOPKINS

AFFORDABLE ARIAL PHOTOGRAPHY, INC.,

      Plaintiff,

v.

MICHAEL NICKLAUS and
GOLDEN BEAR REALTY LLC,

      Defendants.

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT GOLDEN BEAR'S AMENDED MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT AND PLAINTIFF'S MOTION FOR SANCTIONS UNDER LOCAL RULE 7.1(a)(3)

      Plaintiff, by and through undersigned counsel, opposes Defendant Golden Bear Realty LLC's ("Golden Bear") Amended Motion for Protective Order [DE 28].  Defendant improperly seeks to limit the scope of a corporate deposition under Fed. R. Civ. P. 30(b)(6). The areas of inquiry in the notice served by Plaintiff Affordable Aerial Photography, Inc. ("AAP") are relevant and likely to lead to the discovery of admissible evidence. Defendant has not and cannot demonstrate that responding to the areas of inquiry would cause annoyance, embarrassment, oppression, or undue burden or expense.  No showing that confidential information would be disclosed by the deposition has been made.  Therefore, the motion should be denied.

I.     **The Motion should be denied and sanctions imposed because Golden Bear failed to confer in good faith in violation of Rule 26(c)(1), Local Rule 7.1 and the parties' Case Management Report [DE 22]**

      As an initial procedural matter, the undersigned informs the Court that contrary to the certification contained in Motion for Protective Order [DE 26] or the Amended Motion for

Protective Order [DE 28], Golden Bear failed to confer with opposing counsel in a good faith effort to resolve this dispute as required by Fed. R. Civ. P. 26(c)(1) and Local Rule 7.1(a)(3). Furthermore, by filing these motions seeking protection for confidential information without first attempting to negotiate a suitable protective order with AAP, Golden Bear violated the agreement it made in the Case Management Report filed in this action [DE 22].

On August 5, 2013, counsel for Golden Bear called the undersigned and requested to discuss the deposition notice at issue.  This was the first time the parties had spoken about the topics listed in the notice.  During the call, counsel for Golden Bear raised certain issues that are also argued in the original motion. In response, the undersigned requested time to consider Golden Bear's points and respond. Counsel for Golden Bear agreed.  At no point did Golden Bear's counsel advise the undersigned that she intended to file a motion for protective order that day, nor did she provide the undersigned with a draft of the motion. Furthermore, the topic of confidentiality, raised for the first time in the Amended Motion, was not discussed.

At 9:50 p.m. on August 5, 2013, the same day as the purported good faith conference, before the undersigned had the opportunity to consider and respond, Golden Bear filed its motion.  Thereafter, on August 19, 2013, with absolutely no prior consultation, the Amended Motion was filed raising issues regarding confidentiality that had never been raised with AAP's counsel previously.

AAP submits that Golden Bear failed to make a good faith effort to resolve the disputes raised in the motion.  Had Golden Bear made such an effort, this motion, and AAP's response (including AAP's expenses incurred in responding), might have been avoided, in whole or in part.  Golden Bear's complete failure to consult with AAP's counsel is particularly egregious in light of the parties' prior agreement in section K.1. of the Case Management Report filed on June

17, 2013 in which the parties affirmatively agreed to consult with each other regarding designating materials as "confidential," the topic of the Amended Motion.  The Case Management Report states:

> The parties have not reached any agreements regarding the designation of materials as "confidential." The parties agree that, in the event a need for a confidentiality agreement arises, **they will negotiate the terms of a mutually acceptable confidentiality agreement in good faith so that they can proceed with discovery on an expeditious basis.**

[DE 22 at 4] (emphasis added).  Due to the parties' prior agreement in the Case Management Report, there was no reason to file the Amended Motion before consulting with AAP's counsel. Furthermore, even though AAP disagrees with Golden Bear's arguments, had counsel conferred in good faith and permitted the undersigned a reasonable time to consider the issues perhaps an agreement could have been reached.  *See Bell v. Bray and Gillespie, LLC*, No. 6:05-CV-355-ORL-19JG, 2006 U.S. Dist. LEXIS 18091, 2006 WL 923741, *1 (M.D. Fla. 2006)(Discovery is expected to be accomplished voluntarily with minimal judicial intervention); *Taylor v. Florida Atlantic University*, 132 F.R.D. 304, 305 (S.D. Fla. 1990)(explaining "[i]t is the letter and spirit of the discovery rules of the Federal Rules of Civil Procedure and the Local Rules of this Court that counsel work together on discovery matters. Counsel should be in touch personally to resolve discovery disputes and it should be a rare occasion when the court is called upon to resolve such disputes."); *H2Ocean, Inc. v. Schmitt*, No. 05-387, 2006 U.S. Dist. LEXIS 92783 (N.D. Fla. 2006)(denying plaintiff's motion when plaintiffs "needlessly involved" the court and did not wait even one day for defendant to respond to their demand).

Golden Bear filed this motion without complying with the rules.  AAP was not given an opportunity to fully consider Golden Bear's objections or suggest a compromise before the motions were filed. Golden Bear obviously had no intention of compromising, otherwise it

would have waited rather than file its motion a few hours after the phone conference.

Golden Bear failed to confer with opposing counsel in a good faith effort to resolve the matter without court intervention.  Under these circumstances, Local Rule 7.1(a)(3) authorizes the Court to deny the motion and impose appropriate sanctions, including reasonable attorney's fees incurred in responding to the unnecessary motion. S*ee Williams v. Ocean Title Co.*, No. 07-80252, 2007 U.S. Dist. LEXIS 48175, at *3 (S.D. Fla. 2007)(explaining failure to comply with Local Rule 7.1 "is sufficient cause for the denial of the motion as well as imposition of an appropriate sanction," including reasonable attorney's fees); *Williams Island Synagogue, Inc. v. City of Aventura,* 329 F.Supp.2d 1319, 1327-1328 (S.D. Fla. 2004)(denying defendant's motion where defendant failed to confer prior to filing its motion).

## II.    Golden Bear's Motion for Protective Order Should be Denied.

### a.  Background.

AAP employs Robert Stevens, a respected real estate photographer of upscale residences. Mr. Stevens is sought after by real estate agents and brokers in South Florida for his photos that sell homes. Golden Bear is a local real estate broker that infringed Plaintiff's copyrighted photographs by posting them, without authorization, in its real estate listings, on its website, in social media, and by removing the copyright notices from AAP's photographs.  Each offence violates the Copyright Act.

### b.  The purpose for the deposition of Golden Bear.

AAP seeks to depose Golden Bear under Fed. Civ. P. 30(b)(6) on topics that relate to Golden Bear's internet marketing and advertising activities including its use of photographs in its real estate marketing. AAP intends to question Golden Bear about the properties for which AAP's photographs were used without authorization, Golden Bear's sources of photographs for

its real estate listings (both authorized and unauthorized), and Golden Bear's editing or alteration

of photographs.  AAP also seeks information regarding additional instances of copyright

infringement of AAP's photographs that Golden Bear committed prior to and since the filing of

the Complaint in this action.  All are permissible areas of inquiry, and all are likely to lead to the

discovery of admissible evidence.

     **c.  Legal principles applicable to the motion.**

The overall purpose of discovery under the Federal Rules is to require the disclosure of

all relevant information so that the ultimate resolution of disputed issues in any civil action may

be based on a full and accurate understanding of the true facts, and therefore embody a fair and

just result. *See U.S. v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)(The intent of the

Federal Rules was to "make trial less a game of blind man's bluff and more a fair contest with the

basic issues and facts disclosed to the fullest practical extent.") The scope of discovery is broad

"in order to provide parties with information essential to the proper litigation of all relevant facts,

to eliminate surprise and to promote settlement." *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685

(M.D. Ala. 1998). The Federal Rules of Civil Procedure "strongly favor full discovery whenever

possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).  It is a

basic tenet that "[m]utual knowledge of all the relevant facts gathered by both parties is essential

to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947).

Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding

any non-privileged matter that is relevant to any party's claim or defense." Relevance is

"construed broadly to encompass any matter that bears on, or that reasonably could lead to other

matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v.

Sanders*, 437 U.S. 340, 351 (1978). A discovery request "should be considered relevant if there

is any possibility that the information sought may be relevant to the subject matter of the action."

*Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296 (E.D. Pa. 1980). "With respect to the

issue of relevancy of discovery, discovery rules are to be accorded a broad and liberal

treatment." *Kreuzfeld A.G. v. Carnehammar*, 138 F.R.D. 594, 607 (S.D. Fla. 1991).

> The key phrase in this definition – 'relevant to the subject matter in the pending
> action' -- has been construed broadly to encompass any matter that bears on, or
> that reasonably could lead to other matters that could bear on, any issue that is or
> may be in the case. Consistently with the notice pleading system established by
> the Rules, discovery is not limited to issues raised by the pleadings, for discovery
> itself is designed to help define and clarify the issues. Nor is discovery limited to
> the merits of a case, for a variety of fact-oriented issues may arise during
> litigation that are not related to the merits.

*Oppenheimer Fund,* 437 U.S. at 351 (1978)(citations omitted).

Rule 26(c) of the Federal Rules authorizes the court to issue a protective order "for good

cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense . . ." Fed. R. Civ. P. R. 26(c).  The term "good cause" "generally signifies a

sound basis or legitimate need to take judicial action." *Kleiner v. First National Bank of Atlanta*,

751 F.2d 1193, 1205 (11th Cir.1985). The Eleventh Circuit has identified four factors for

ascertaining the existence of good cause which include: "[1] the severity and the likelihood of

the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less

onerous alternative; and [4] the duration of the order." *Id*. In addition, the Eleventh Circuit has

"superimposed a 'balancing of interests' approach to Rule 26(c)" whereby the court balances one

party's interest in accessing data against the other's keeping of the information confidential."

*Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001).

Ordinarily, discovery based on relevance should be allowed "unless it is clear that the

information sought has no possible bearing on the claims and defenses of the parties or otherwise

on the subject matter of the action." *Tate v. United States Postal Serv*., No. 04-61509, 2007 U.S.

6

Dist. LEXIS 10086, 2007 W.L. 521848, at *1 (S.D. Fla. Feb. 14, 2007), *citing Dunkin Donuts, Inc. v. Mary's Donuts, Inc*., No. 01-0392, 2001 U.S. Dist. LEXIS 25204, 2001 WL 34079319 (S.D. Fla. No. 1, 2001).  *See also, Rosenbaum v. Becker & Poliakoff, P.A*., 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010).  A protective order should be entered only when the movant makes a particularized showing of "good cause" and specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements and unsupported contentions do not suffice. *Gulf Oil Company v. Bernard*, 452 U.S. 89, 102 n. 16 (1981); *Grams v. American Medical Instruments Holdings Long Term Disabilty Plan*, 2009 U.S. Dist. LEXIS 89455, 2009 WL 2926844 *5 (M.D. Fla. Sept. 14, 2009) (holding this burden contemplates a particular and specific demonstration of facts as distinguished from stereotyped and conclusory statements).

### d.  Golden Bear asks the Court to block relevant discovery.

Arguing "good cause" Golden Bear claims it can prevent AAP from discovering the full extent of its infringement, and whether it committed other acts of infringement that violated AAP's copyrights. However, good cause is lacking here as Golden Bear has failed to support any of its claims with an affidavit, declaration, or testimony of a witness with personal knowledge.

Furthermore, discovery is not as limited as Golden Bear suggests. AAP seeks a deposition of Golden Bear to define and clarify the issues raised in the pleadings and which have occurred since this case was filed. And much has occurred, including additional infringements.

Since the filing of the Complaint in this action identifying 19 AAP photographs infringed by Golden Bear, AAP has identified at least 21 more photographs infringed by Golden Bear. Golden Bear posted the infringing photos on its website, on YouTube, and on its Facebook page.

Golden Bear's continued copying of AAP's photographs is not only without its authorization, but it is also contrary to the representations of Golden Bear's counsel that its client ceased all infringement of AAP's photographs without its authorization.  AAP is entitled to know why Golden Bear's infringement continues, despite the claim it made months ago that it stopped.

**III.      The Specific Areas of Inquiry, Golden Bear's Reasons to Support Protection, and Why Golden Bear's Objections Should Be Overruled**

**Area of Inquiry 1: Internet advertising and marketing for GOLDEN BEAR REALTY, LLC during the three years prior to the filing of the complaint in this action.**

Protection Sought: Golden Bear seeks to limit the scope to internet advertising and marketing related to the "Works" identified in the Amended Complaint and to information that is not confidential, proprietary or a trade secret and narrow the time from three years to January 1, 2012 to the date of the filing of the Complaint.

AAP's Response in Opposition: The discovery requested is relevant and likely to lead to the discovery of admissible evidence, and Golden Bear has not demonstrated good cause for protection.  AAP requested information for three years prior to filing the complaint in this action because the statute of limitations for copyright infringement is three years.[1]  17 U.S.C. § 507(b). In response, Golden Bear has chosen an arbitrary date and failed to justify its requested restriction on discovery.  Golden Bear has offered no evidence of harm, annoyance, embarrassment, oppression, or undue burden or expense associated with the time frame chosen, and no such harm exists here.

Golden Bear argues "fishing expedition" because counsel says the Golden Bear website

---

[1] The statute runs from discovery.  As a result, there could have been infringement more than three years ago that AAP has not discovered which would still be actionable.  However, in an effort to limit the scope to a reasonable period of time, three years was chosen.

was not active or "live" until June 2012.[2]  AAP does not believe that Golden Bear's counsel is qualified to testify as to date its client's website was established, and Golden Bear has offered no declarations or other admissible evidence as to the date its client's website was established. Furthermore, regardless of when the website was established, AAP is entitled to discover whether its photographs taken at any time might have been posted there without AAP's permission.

Golden Bear's reliance on *Dellacasa, LLC v. John Moriarity & Assoc. of Florida, Inc.,* 2007 WL 4117261 *1 (S.D. Fla. November 16, 2007) is misplaced.  In *Dellacasa*, the plaintiff's copyright infringement allegations concerned the Trump Tower projects, but the plaintiff sought much broader discovery of other projects that were, admittedly, non-infringing, and therefore irrelevant.  Golden Bear then makes the leap from *Dellacasa* that copyright infringement discovery is limited to the specific "project" that is the subject matter of the lawsuit.  *Dellacasa* does not stand for that proposition, it simply applied the normal rules of relevancy to a plaintiff's irrelevant request.  Here, AAP can demonstrate relevance since the new infringements it seeks to inquire about are continuations and related to the old infringements and therefore are relevant and discoverable.

Moreover, by raising the affirmative defense of "unclean hands" (DE 20 at ¶ 59), Golden Bear has placed its own conduct at issue.  AAP is entitled to inquire whether Golden Bear committed copyright violations by copying photographs without the copyright holders' permission in the course of its internet advertising and marketing.   Since a party seeking equity cannot come into court with unclean hands, AAP may seek discovery of Golden Bear's conduct not only as to AAP but also other copyright holders.

---

[2] The Advisory Committee Notes to Rule 26 approve the concept that "the . . . Rules permit 'fishing for evidence as they should.'" Adv. Com. Notes, 1946 Amend.; *see also Hickman v. Taylor*, 320 U.S. at 507 (indicating "cry of 'fishing expedition'" can no longer serve to prevent inquiry into underlying facts of opponent's case).

Finally, no justification has been provided for Golden Bear's bare assertion that this area of inquiry would lead to the disclosure of confidential, proprietary or trade secret information. Golden Bear has made no particularized showing of "good cause" as to what confidential information might be disclosed.  Indeed, it is hard to imagine how Golden Bear's internet marketing and advertising, exposed to the public on the world wide web, could be considered confidential.  Golden Bear has not said what specific harm would result from disclosure or loss of confidentiality.  Golden Bear just makes generalities, conclusory statements and unsupported contentions, which are insufficient to warrant the imposition of a protective order.

**Area of Inquiry 2: The use of photographs in real estate listings by GOLDEN BEAR REALTY, LLC during the three years prior to the filing of the complaint in this action**.

Protection Sought: Golden Bear seeks to limit the scope to the alleged use of the Works and to information that is not confidential, proprietary or a trade secret and narrow the time from three years to January 1, 2012 to the date of the filing of the Complaint.

AAP's Response in Opposition: MLS listings typically contain at least one, and sometimes several, photographs of the interior and exterior of the property offered for sale, and these photographs are often taken by professional photographers. Widely publicized studies have shown that homes sell better when they have listing photos taken by a professional photographer.[3]  Studies have also shown that adding additional photographs to a listing increases the price that can be obtained for the property.[4]

The allegations in the Amended Complaint include two properties where Golden Bear committed copyright infringement by using AAP's photographs in their listings submitted to a multiple listing service ("MLS") without AAP's authorization.  Since the filing of the Amended

---

[3] See "A Picture is Worth a Thousand Dollars. True or False?" at http://www.redfin.com/research/reports/special-reports/2010/a_picture_is_worth_a_thousand_dollars_true_or_false.html accessed on July 14, 2013.
[4] See Benefield, at al., On the Relationship Between Property Price, Time-on-Market, and Photo Depictions in a Multiple Listing Service, Journal of Real Estate Finance and Economics, Vol. 43, No. 3, 2011.

Complaint, AAP has identified another real estate listing where photographs belonging to AAP were used by Golden Bear without permission.  In addition, contrary to Golden Bear representations through counsel, it has failed to remove all the infringing photographs from one of the listings in the Amended Complaint.  Golden Bear's continued copying of AAP's photographs even after this action was filed raise significant questions about Golden Bear's use of photographs in real estate listings.

The only difference between this area of inquiry and the first is that this area is specific to real estate listings, as opposed to internet marketing and advertising.  Otherwise, the reasons why the motion should be denied are the same and as those advanced concerning area of inquiry number 1 above.  The discovery requested is relevant and likely to lead to the discovery of admissible evidence, Golden Bear has not demonstrated good cause for protection, and the motion should be denied.

**Area of Inquiry 3: The development and maintenance of all GOLDEN BEAR REALTY, LLC web sites during the three years prior to the filing of the complaint in this action**.

Protection Sought: Golden Bear seeks to limit the scope to the development and maintenance related to the "Works" and to information that is not confidential, proprietary or a trade secret and narrow the time from three years to January 1, 2012 to the date of the filing of the Complaint.

AAP's Response in Opposition: The allegations in the Amended Complaint include 19 photographs that Golden Bear used without authorization on its website.  Subsequently, AAP found more of its photographs posted on Golden Bear's website without AAP's permission.

This area of inquiry is essentially that same as area of inquiry number 1.  The reasons why the motion should be denied are also the same. The discovery requested is relevant and likely to lead to the discovery of admissible evidence, Golden Bear has not demonstrated good

11

cause for protection, and the motion should be denied.

**Area of Inquiry 4: The relationship with internet advertising and marketing service providers to GOLDEN BEAR REALTY, LLC during the three years prior to the filing of the complaint in this action**.

Protection Sought: Golden Bear seeks to limit Plaintiff from asking questions regarding the subject of this Area of Inquiry and regarding information that is confidential, proprietary or a trade secret, or to at least clarify what specific information is sought as the area of inquiry is vague.

AAP's Response in Opposition: Golden Bear's relationship with internet advertising and marketing service providers is highly relevant to the allegations of infringement and Golden Bear's affirmative defenses. Golden Bear's objection that AAP is trying to "find third-parties to assert claims against" is not a valid basis to limit discovery, even if it were true.  And besides, if there are third parties that Golden Bear knows about who also infringed, AAP is entitled to know who they are and what they did that violated its copyrights.

Golden Bear has asserted a defense that acts complained of, and the resulting harm, were acts of third-parties over whom it had no control and no right to supervise. (See DE 20 at ¶¶ 56, 58).  Having made the conduct of third-parties an issue, and having asserted the absence of any right to control those third parties, Golden Bear cannot be heard to complain when asked to testify about the relationship with third parties such as its internet advertising and marketing service providers.  Even if the third parties are not these providers, but rather other unspecified entities, the actions of these providers, and Golden Bear's contractual relationship with them is relevant to the "unclean hands" defense as it will demonstrate the scope of Golden Bear's control over the infringement it committed in the course of its internet marketing and advertising.

While "vagueness" may be appropriate for an objection to a specific question, Golden

Bear has not demonstrated why it cannot present a witness to testify on the designated topic. Furthermore, had Golden Bear complied with the Local Rules and conferred with AAP's counsel, clarification could have been provided.

Finally, once again Golden Bear provides no details to support its bare assertion that this area of inquiry would lead to the disclosure of confidential, proprietary or trade secret information. No particularized showing of "good cause" as to what confidential information might be disclosed is offered. No specific harm that would result from disclosure or loss of confidentiality is provided. This is insufficient to warrant the imposition of a protective order.

**Area of Inquiry 5: The sale of properties depicted in the Works attached to the complaint**.

Protection Sought by Golden Bear: Golden Bear seeks to limit Plaintiff from asking questions regarding the subject of this Area of Inquiry.

AAP's Response in Opposition: Golden Bear seeks to exclude all testimony on this subject. Golden Bear's basis is that it believes that under no circumstances may AAP be entitled to recover anything other than a reasonable licensing fee as damages.

Golden Bear is incorrect as a matter of law. A copyright owner's claim for damages is not limited to a reasonable licensing fee. 17 U.S.C. § 504(b) provides:

> *Actual Damages and Profits*. — The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and ***any profits of the infringer that are attributable to the infringement*** and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504(b) (Emphasis added).

Golden Bear's sale of properties is relevant and discoverable to support its damages claim. Based on the plain language of § 504(b), AAP can recover not only actual damages, but

also Golden Bear's profits attributable to the infringement.  The question whether Golden Bear's sale of any properties is attributable to the infringement of AAP's photographs is a question for the jury in this case and a proper subject of discovery.

The number and quality of photographs used in real estate listings have been proven to have a demonstrable impact on sales.[5] If Golden Bear used any of AAP's photographs and thereafter sold a property it may have earned profits attributable to the infringement.  In a similar scenario a home builder whose copyrighted floor plans were infringed recovered not the value of the plans, but the competing builder's profit. *See Robert R. Jones Assoc. Inc. v. Nino Homes*, 858 F.2d 274 (6th Cir. 1988). Golden Bear's argument that it would be implausible to attribute its sale of any real property to its infringement of AAP's photographs goes, at best, to the weight of the evidence, not its admissibility, and certainly not to its discovery for purposes of relevancy.

**Area of Inquiry 6: The posting, editing or alteration of photographs to GOLDEN BEAR REALTY, LLC websites during the three years prior to the filing of the complaint in this action.**

Protection Sought: Golden Bear seeks to limit the scope to its alleged posting, editing or altering the Works and to information that is not confidential, proprietary or a trade secret and narrow the time from three years to January 1, 2012 to the date of the filing of the Complaint.

AAP's Response in Opposition: The alteration of photographs posted on the public Internet cannot possibly be confidential.  In addition, for the same reasons as area of inquiry number 1 above concerning internet marketing and advertising, and area of inquiry number 3 above concerning the development and maintenance of web sites, the time frame designated is proper and the discovery requested is relevant and likely to lead to the discovery of admissible evidence.  Golden Bear has not demonstrated good cause for protection, and the motion should

---

[5] See footnotes 3 and 4 above.

be denied.

**Area of Inquiry 8: Your policies and procedures for using photographs in listings.**

Protection Sought: Golden Bear seeks to only provide information to this area of inquiry subject to a confidentiality order limited to "attorneys' eyes only."

AAP's Response in Opposition: Golden Bear says that disclosure of the information requested without "such a confidentiality restriction could lead to Golden Bear's competitors obtaining/receiving the information and using it to their advantage." No reasons how or why this disclosure could occur have been offered. Any competitor can look at what Golden Bear does on the public Internet and see how it uses photographs. Furthermore, since AAP's business is photography, not selling real estate, it is hard to imagine why an "attorney's eyes only" confidentiality order is necessary. In any event no justification for restricting information to an "attorney's eyes only" basis has been provided. As a result, there is no basis upon which the Court can enter a protective order.

**Area of Inquiry 9: Your policies and procedures for using photographs on web pages.**

Protection Sought: Golden Bear seeks to only provide information to this area of inquiry subject to a confidentiality order limited to "attorneys' eyes only."

AAP's Response in Opposition: Again, no basis for the requested confidentiality restriction has been offered. The reasons why the motion should be denied are the same and so for the reasons advanced concerning area of inquiry number 8 above, Golden Bear has not demonstrated good cause for protection, and the motion should be denied. As a result, there is no basis upon which the Court can enter a protective order.

**Area of Inquiry 10: Your policies and procedures for using photographs on Facebook.**

Protection Sought: Golden Bear seeks to only provide information to this area of inquiry

15

subject to a confidentiality order limited to "attorneys' eyes only."

AAP's Response in Opposition: No basis for the requested confidentiality restriction has been offered.  The reasons why the motion should be denied are the same and so for the reasons advanced concerning area of inquiry number 8 above, Golden Bear has not demonstrated good cause for protection, and the motion should be denied.  As a result, there is no basis upon which the Court can enter a protective order.

**Area of Inquiry 11: Your relationship with Regional Multiple Listing Service of Florida ("RMLS") and any other multiple listing services that you are a member of.**

Protection Sought: Golden Bear seeks to limit Plaintiff from asking questions regarding this Area of Inquiry or to narrowly limit the scope of questions to the actual claim in the instant action.

AAP's Response in Opposition:  "A multiple listing service is a common database where member companies submit listings to facilitate the exchange of information about one another's listings so agents can cross company lines to sell one another's houses and can show clients all houses on the market, not just those homes listed with their own company." *Mid-America Real Estate Co. v. Iowa Realty Co.,* No. 4:04-CV-10175, 2004 U.S. Dist. LEXIS 10155, 2004 WL 1280895, at *2 (S.D. Iowa 2004).

As noted above, the allegations in the Amended Complaint include two properties where Golden Bear committed copyright infringement by using AAP's photographs in their listings submitted to MLS without AAP's authorization.  Furthermore, since the filing of the Amended Complaint, AAP has identified another real estate listing where photographs belonging to AAP were used by Golden Bear without permission.  In addition, contrary to Golden Bear representations through counsel, it has failed to remove all the infringing photographs from one of the listings in the Amended Complaint.  Golden Bear's continued copying of AAP's

photographs and posting on MLS even after this action was filed raise significant questions about Golden Bear's use of photographs in real estate listings.

Regional Multiple Listing Service of Florida (RMLS) has taken issue with Golden Bear's repeated infringement of copyrights.  On two occasions prior to the filing of this action, RMLS notified Golden Bear of MLS rule violations as a result of its infringing conduct and removed the infringing photographs from Golden Bear listings.  AAP is entitled to information about Golden Bear's relationship with RMLS and other MLS's to determine what, if any, consequences Golden Bear may have suffered, what contractual obligations (if any) Golden Bear violated, and similar areas of inquiry.

The only difference between this area of inquiry and the first is that this area is specific to real estate listings, as opposed to internet marketing and advertising.  Otherwise, the reasons why the motion should be denied are the same and so for the reasons advanced concerning area of inquiry number 1 above, the discovery requested is relevant and likely to lead to the discovery of admissible evidence, Golden Bear has not demonstrated good cause for protection, and the motion should be denied.

Moreover, by raising the affirmative defense of "unclean hands" (DE 20 at ¶ 59), Golden Bear has placed its own conduct at issue.  AAP is entitled to inquire whether Golden Bear committed copyright violations on other MLS systems.  Since a party seeking equity cannot come into court with unclean hands, AAP may seek discovery of Golden Bear's conduct as observed by RMLS and others.  Even if the unspecified third parties are not these MLS providers, but rather other unspecified entities, the actions of these providers, and Defendant's contractual relationship with them, is relevant to the "unclean hands" defense (Answer and Affirmative Defense, DE 20 at ¶59) as it will demonstrate the scope of Defendant's knowledge

17

of the conduct of the MLS providers.

Finally, Defendant's relationship with RMLS and other MLS systems is relevant to the affirmative defense that the acts complained of, and the resulting harm, were acts of third-parties over whom Defendant had no control and no right to supervise. (See, Answer and Affirmative Defenses, DE 20 at ¶¶ 56, 58)  Defendant, having made the conduct of third-parties an issue, and having asserted the absence of right to control those third parties, cannot be heard to complain when asked to testify about the relationship with third parties, *i.e.*¸ MLS providers.

**Area of Inquiry 12: Your use of IDEX feeds.**

Protection Sought: Golden Bear seeks to limit Plaintiff from asking questions regarding this Area of Inquiry or to narrowly limit the scope of questions to the actual claim in the instant action.

AAP's Response in Opposition: An MLS provides an Internet Data Exchange (IDEX) feed to subscribers who wish to display MLS listings on their websites.  Golden Bear subscribes to at least one IDEX feed which it uses to display real estate listings on its website.  IDEX provides Golden Bear with access to on-line listing data including photos.  The listing is sent electronically in a manner referred to as a "feed."

Golden Bear's use of IDEX feeds is relevant for the same reason that Golden Bear's relationship with internet advertising and marketing service providers is relevant to allegations of infringement and Golden Bear's affirmative defenses. Golden Bear has asserted a defense that acts complained of, and the resulting harm, were acts of third-parties over whom it had no control and no right to supervise. (See DE 20 at ¶¶ 56, 58)  Having made the conduct of third-parties an issue, and having asserted the absence of right to control those third parties, Golden Bear cannot be heard to complain when asked to testify about the relationship with third parties

such as its internet advertising and marketing service providers.  Even if the third parties are not these providers, but rather other unspecified entities, the actions of these providers, Golden Bear's contractual relationship with them is relevant to the "unclean hands" defense as it will demonstrate the scope of Golden Bear's control over the infringement it committed in the course of its internet marketing and advertising.

Defendant's use of IDEX feeds is also relevant to the affirmative defense that the acts complained of, and the resulting harm, were acts of third-parties over whom Defendant had no control and no right to supervise. (See, Answer and Affirmative Defenses, DE 20 at ¶¶ 56, 58) Defendant, having made the conduct of third-parties an issue, and having asserted the absence of right to control those third parties, cannot be heard to complain when asked to testify about how it uses the IDEX feeds, *i.e.,* how it uses the information supplied by third parties.

Moreover, this request is not "vague."  In fact, it is quite specific.  There are vendors that provide IDEX feeds to websites, or a company like Golden Bear can obtain the feed directly from an MLS. If it was vague, Golden Bear would be unable to provide a witness, but nowhere does it allege that it cannot provide a witness on how it uses IDEX feeds.

## IV.    Conclusion

AAP, although not having the burden of proof or persuasion, has demonstrated that the challenged areas of inquiry are relevant to the claims and/or affirmative defenses and/or damages, and that the proposed time frame (going back three years from the date of filing of the complaint) is supported.  AAP, although not having the burden of proof or persuasion, has demonstrated the lack of "vagueness" of the areas of inquiry.

Meanwhile Golden Bear, as the moving party, has utterly failed to demonstrate its entitlement to the requested protective order.  Golden Bear has failed to demonstrate by

declaration, that the requested discovery will cause annoyance, embarrassment, oppression, or undue burden or expense.  Golden Bear has failed to justify its proposed arbitrary temporal limitation.  Golden Bear's motion is insufficient and its failure to comply with Rule 26(c)(1), Local Rule 7.1 and the parties' Case Management Report meet justifies an award of attorney fees in connection with opposing this Motion.

For each of the foregoing reasons, Defendant's Motion for Protective Order should be denied.

Dated:  August 21, 2013

Respectfully submitted,

By: /s/ Joel B. Rothman
Joel B. Rothman
Florida Bar No. 98220
joel.rothman@sriplaw.com
Schneider Rothman Intellectual Property Law
Group PLLC
4651 North Federal Highway
Boca Raton, FL 33431
Tel:  561-404-4350
Fax: 561-404-4353
Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 21 day of August, 2013, I served the foregoing document on all counsel of record or pro se parties identified on the below service list by email and U.S. mail.

/s/ Joel B. Rothman
Joel B. Rothman
FL Bar No. 98220

<u>SERVICE LIST</u>

Alice K. Sum
asum@fowler-white.com
John S. Graham
jgraham@fowler-white.com
Fowler White Burnett, P.A.
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Avenue
Miami, FL 33131
Attorneys for Defendants