UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,

v.

MICHAEL NICKLAUS and GOLDEN BEAR REALTY, LLC,

    Defendants.

CASE NO. 9:13-CV-80254
Judge Kenneth L. Ryskamp
Magistrate James M. Hopkins

### DEFENDANT, GOLDEN BEAR REALTY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, Golden Bear Realty, LLC ("Golden Bear"), by and through undersigned counsel and pursuant to the applicable Rules of Florida Civil Procedure, hereby files its Answer to Plaintiff's Second Amended Complaint as follows:

1. Golden Bear admits that this action purports to arise under the Copyright Act but denies that Plaintiff is entitled to the relief sought.

2. Golden Bear admits that this Court has subject matter jurisdiction over the alleged claims.

3. Golden Bear admits that it is subject to personal jurisdiction in Florida.

4. Golden Bear admits that there is venue in this District.

### THE PLAINTIFF

5. Golden Bear is without knowledge as to the allegations in paragraph 5, and therefore denies same.

6. Golden Bear is without knowledge as to the allegations in paragraph 6, and therefore denies same.

7. Golden Bear is without knowledge as to the allegations in paragraph 7, and therefore denies same.

## THE DEFENDANTS

8. Golden Bear admits the allegations in paragraph 8, except that the suite number is 205 not 206.

9. Golden Bear admits the allegations in paragraph 9, except that the suite number is 205 not 206.

10. Golden Bear admits that it operates a real estate business in Palm Beach County, Florida but denies all other inferences and characterizations in paragraph 10.

11. Golden Bear admits the allegations in paragraph 11.

12. Golden Bear denies the allegations in paragraph 12.

## THE COPYRIGHTED WORKS AT ISSUE

13. Golden Bear is without knowledge as to the allegations in paragraph 13, and therefore denies same.

14. Golden Bear is without knowledge as to the allegations in paragraph 14, and therefore denies same.

15. Golden Bear is without knowledge as to the allegations in paragraph 15, and therefore denies same.

16. Golden Bear is without knowledge as to the allegations in paragraph 16, and therefore denies same.

17. Golden Bear is without knowledge as to the allegations in paragraph 17, and therefore denies same.

18. Golden Bear is without knowledge as to the allegations in paragraph 18, and therefore denies same.

19. Golden Bear is without knowledge as to the allegations in paragraph 19, and therefore denies same.

## INFRINGEMENT AND CIRCUMVENTION BY THE DEFENDANTS

20. Golden Bear is without knowledge as to the allegations in paragraph 20, and therefore denies same.

21. Golden Bear is without knowledge as to the allegations in paragraph 21, and therefore denies same.

22. Golden Bear is without knowledge as to the allegations in paragraph 22, and therefore denies same.

23. Golden Bear is without knowledge as to the allegations in paragraph 23, and therefore denies same.

24. Golden Bear is without knowledge as to the allegations in paragraph 24, and therefore denies same.

25. Golden Bear denies the allegations in paragraph 25.

26. Golden Bear is without knowledge as to the allegations in paragraph 26, and therefore denies same.

### COUNT I
### COPYRIGHT INFRINGEMENT
### AGAINST GOLDEN BEAR

27. Golden Bear incorporates its responses to paragraphs 1 through 26 as if fully set forth herein.

28. Golden Bear is without knowledge as to the allegations in paragraph 28, and therefore denies same.

29. Golden Bear is without knowledge as to the allegations in paragraph 29, and therefore denies same.

30. Golden Bear denies the allegations in paragraph 30.

31. Golden Bear denies the allegations in paragraph 31.

32. Golden Bear denies the allegations in paragraph 32.

### COUNT II
### COPYRIGHT INFRINGEMENT
### AGAINST NICKLAUS

33. Golden Bear incorporates its responses to paragraphs 1 through 26 as if fully set forth herein.

34. Golden Bear is without knowledge as to the allegations in paragraph 34, and therefore denies same.

35. Golden Bear is without knowledge as to the allegations in paragraph 35, and therefore denies same.

36. Golden Bear denies the allegations in paragraph 36.

37. Golden Bear denies the allegations in paragraph 37.

38. Golden Bear denies the allegations in paragraph 38.

39. Golden Bear denies the allegations in paragraph 39.

## COUNT III
## CIRCUMVENTION BY REMOVAL OR ALTERATION OF
## COPYRIGHT MANAGEMENT INFORMATION
## AGAINST GOLDEN BEAR

40. Golden Bear incorporates its responses to paragraphs 1 through 26 as if fully set forth herein.

41. Golden Bear is without knowledge as to the allegations in paragraph 41, and therefore denies same.

42. Golden Bear denies the allegations in paragraph 42.

43. Golden Bear denies the allegations in paragraph 43.

44. Golden Bear denies the allegations in paragraph 44.

45. Golden Bear denies the allegations in paragraph 45.

## COUNT IV
## CIRCUMVENTION BY REMOVAL OR ALTERATION OF
## COPYRIGHT MANAGEMENT INFORMATION
## AGAINST NICKLAUS

46. Golden Bear incorporates its responses to paragraphs 1 through 26 as if fully set forth herein.

47. Golden Bear is without knowledge as to the allegations in paragraph 47, and therefore denies same.

48. Golden Bear denies the allegations in paragraph 48.

49. Golden Bear denies the allegations in paragraph 49.

50. Golden Bear denies the allegations in paragraph 50.

51. Golden Bear denies the allegations in paragraph 51.

### COUNT V
### INTERFERENCE WITH BUSINESS RELATIONSHIPS
### AGAINST GOLDEN BEAR AND NICKLAUS

52. Golden Bear incorporates its responses to paragraphs 1 through 26 as if fully set forth herein.

53. Golden Bear is without knowledge as to the allegations in paragraph 53, and therefore denies same.

54. Golden Bear is without knowledge as to the allegations in paragraph 54, and therefore denies same.

55. Golden Bear is without knowledge as to the allegations in paragraph 55, and therefore denies same.

56. Golden Bear is without knowledge as to the allegations in paragraph 56, and therefore denies same.

57. Golden Bear is without knowledge as to the allegations in paragraph 57, and therefore denies same.

58. Golden Bear denies the allegations in paragraph 58.

59. Golden Bear denies the allegations in paragraph 59.

60. Golden Bear denies the allegations in paragraph 60.

All allegations not specifically admitted are hereby deemed denied.

### AFFIRMATIVE DEFENSES

61. Plaintiff is fails to state a claim for statutory damages and attorneys' fees because the allegedly infringed works were not timely registered with the Copyright Office.

62. Plaintiff is guilty of laches because Plaintiff intentionally delayed bringing the alleged infringement to Golden Bear's attention.

63. Plaintiff failed to mitigate his damages.

64. To the extent that Plaintiff suffered any damages, they were caused by his own acts or omissions.

65. To the extent that Plaintiff suffered any damages, they were caused not by Golden Bear, but rather by third-parties for which Golden Bear has no control or responsibility.

66. Plaintiff is estopped from asserting and/or has waived any claim of infringement or damages because Plaintiff intentionally delayed bringing the alleged infringement to Golden Bear's attention.

67. Plaintiff's claim for infringement against Golden Bear based on acts of third-parties fails because Golden Bear did not have the right or ability to supervise the third-parties' actions.

68. Plaintiff comes to this Court with unclean hands as he has used the claims for alleged infringement to force Golden Bear into using Plaintiff for other services.

69. Golden Bear, as co-listing agent on certain properties, had an implied license to use certain of the Works identified by Plaintiff because the co-listing agent had purchased the rights to use certain of the Works to help sell the properties.

70. Any alleged infringement, which Golden Bear denies, was innocent and unintentional. Golden Bear did not intentionally use Plaintiff's photographs on its website and believed that it had an implied license to use certain photographs that were purchased by its co-listing agent on certain properties.

71. With respect to the claim of tortious interference, Golden Bear and Michael Nicklaus deny any alleged interference with business relationships between Plaintiff and Mark Griffin, Coastal Real Estate Partners, LLC, Coastal Sotheby's International Realty, The Bear's

Club Sotheby's International Realty or The Bear's Club Realty Company, LLC.  Golden Bear further states that even if Michael Nicklaus had instructed Mark Griffin to stop using AAP's services (which Michael Nicklaus denies), Michael Nicklaus would bear no liability because he is protected by a privilege as he is not a third party or "stranger" to the alleged business relationships since he holds an ownership interest in the two "parent" companies identified by Plaintiff:  Coastal Real Estate Partners, LLC and The Bear's Club Realty Company, LLC. By extension, liability cannot be imposed on Golden Bear either.

72.     Any alleged infringement by Golden Bear, which Golden Bear denies, is de minimis.

73.     Golden Bear reserves the right to seek to amend its affirmative defenses as discovery progresses in this case.

WHEREFORE, Defendant, Golden Bear Realty, LLC, demands entry of judgment against Plaintiff, including attorneys' fees and costs, together with such other and further relief this Court deems just and proper.

CASE NO. 9:13-CV-80254

- 9 -

Respectfully submitted,

/s/ Alice K. Sum
Alice K. Sum
Fla. Bar No. 354510
Email: asum@fowler-white.com

John S. Graham
Fla. Bar No. 52147
Email: jgraham@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

CASE NO. 9:13-CV-80254

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2013, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Alice K. Sum
Alice K. Sum

## SERVICE LIST

CASE NO. 9:13-CV-80254

Joel B. Rothman, Esq.
Schneider Rothman IP Law Group
P.O. Box 812182
Boca Raton, FL 33481-2182
E-Mail: joel.rothman@sriplaw.com
Telephone: (561) 404-4350
Facsimile: (561) 404-4353
Attorney for AFFORDABLE AERIAL PHOTOGRAPHY, INC.

Jerold Schneider, Esq.
Schneider Rothman IP Law Group
P.O. Box 812182
Boca Raton, FL 33481-2182
E-Mail: jerold.schneider@sriplaw.com
Telephone: (561) 404-4350
Facsimile: (561) 404-4353
Attorney for AFFORDABLE AERIAL PHOTOGRAPHY, INC.

Robert G. Haile, Esq.
Haile Shaw & Pfaffenberger, PA
660 U.S. Highway One, Third Floor
North Palm Beach, FL 33408
Email: rhaile@haileshaw.com
Telephone: (561) 627-8100
Facsimile: (561) 622-7603

Steven Schlackman, Esq.
Schlackman Intellectual Property Law, PLLC
1344 Euclid Ave., Unit 2
Miami Beach, FL 33139
Email: steve@strategyiplaw.com
Telephone: (917)816-3234