# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80254-CIV-RYSKAMP/HOPKINS

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

      Plaintiff,

v.

MICHAEL NICKLAUS and
GOLDEN BEAR REALTY LLC,

      Defendants.

_____/

## ORDER ON MOTION FOR PROTECTIVE ORDER

THIS CAUSE comes before the Court pursuant to Defendant Golden Bear Realty

LLC's ("Golden Bear") amended motion for protective order, filed August 19, 2013 **[DE 28]**.

Plaintiff Affordable Aerial Photography, Inc. ("AAF") responded August 21, 2013 **[DE 30]**.

Golden Bear replied August 28, 2013 **[DE 34]**.  This motion is ripe for adjudication.[1]

## I.      BACKGROUND

AAP employs Robert Stevens, a respected real estate photographer of upscale residences.

Golden Bear is a local real estate broker that allegedly infringed Plaintiff's copyrighted

---

[1] Golden Bear indicated in its filings that it anticipated filing a discovery motion in relation to AAP's interrogatories. Golden Bear requested that the deposition of its corporate representative not occur until this motion and the anticipated motion were resolved.  The Court indicated via endorsed order dated August 29, 2013 that it desired to resolve Golden Bear's motion for protective order and anticipated motion regarding AAP's interrogatories in tandem and that the deposition of Golden Bear's corporate representative should not occur after the Court rules on the motion for protective order and the anticipated motion relating to AAF's interrogatories.  The Court has been awaiting Golden Bear's motion regarding AAF's interrogatories, but not motion has been forthcoming.  Unwilling to wait indefinitely for the motion and seeing no reason for delay, the Court proceeds to adjudicate Golden Bear's motion for protective order.  The parties may schedule the deposition of Golden Bear's corporate representative as they see fit.

photographs by posting them, without authorization, in its real estate listings, on its website, in social media, and by removing the copyright notices from AAP's photographs.  Each offence violates the Copyright Act.

AAP seeks to depose Golden Bear under Fed. R. Civ. P. 30(b)(6) on topics that relate to Golden Bear's internet marketing and advertising activities including its use of photographs in its real estate marketing.  AAP intends to question Golden Bear about the properties for which AAP's photographs were used without authorization, Golden Bear's sources of photographs for its real estate listings (both authorized and unauthorized), and Golden Bear's editing or alteration of photographs.  AAP also seeks information regarding additional instances of copyright infringement of AAP's photographs that Golden Bear committed prior to and since the filing of the Complaint in this action.

## II.     LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  Fed.R.Civ.P. 26(b)(1).  Courts construe this language to permit "open disclosure of all potentially relevant information."  *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 307 (5th Cir. 1973).[2]  The scope of discovery is limited, however.  The information sought must be relevant and not overly burdensome to the responding party. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992)

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) made binding on the Eleventh Circuit all decisions of the Fifth Circuit decided prior to September 30, 1981.

(citing *Trevino v. Celanese Corp.*, 701 F.2d 397, 406 (5th Cir. 1983)).  Discovery should be

tailored to the issues involved in the particular case.  *Id.*  Local Rule 26.1(g)(3)(A) requires that

all grounds for objections to discovery be stated with specificity.  Local Rule 26.1(g)(3)(A) also

provides that "[a]ny grounds not stated in an objection [to a discovery request] within the time

provided by the Federal Rules of Civil Procedure, or any extension thereof, shall be waived."

### III.        DISCUSSION

The Court will address each area of inquiry individually.

**A.    Area of Inquiry 1: Internet advertising and marketing for GOLDEN BEAR REALTY, LLC during the three years prior to the filing of the complaint in this action.**

> Protection Sought: Golden Bear seeks to limit the scope to internet advertising and marketing related to the "Works" identified in the Amended Complaint and to information that is not confidential, proprietary or a trade secret and narrow the time from three years to January 1, 2012 to the date of the filing of the Complaint.
>
> AAP's Response in Opposition: The discovery requested is relevant and likely to lead to the discovery of admissible evidence, and Golden Bear has not demonstrated good cause for protection. AAP requested information for three years prior to filing the complaint in this action because the statute of limitations for copyright infringement is three years. 17 U.S.C. § 507(b). In response, Golden Bear has chosen an arbitrary date and failed to justify its requested restriction on discovery.  Golden Bear has offered no evidence of harm, annoyance, embarrassment, oppression, or undue burden or expense associated with the time frame chosen, and no such harm exists here.

Golden Bear says its website was not active until June 2012, but Golden Bear has offered

no declarations or other admissible evidence as to the date its  website was established.  Indeed,

in its reply, Golden Bear admits that an active website existed prior to that date.  Furthermore,

4

regardless of when the website was established, AAP may discover whether its photographs taken at any time might have been posted there without AAP's permission.

Moreover, by raising the affirmative defense of "unclean hands," Golden Bear has placed its own conduct at issue.  AAP is entitled to inquire whether Golden Bear committed copyright violations by copying photographs without the copyright holders' permission in the course of its internet advertising and marketing.  Since a party seeking equity cannot come into court with unclean hands, AAP may seek discovery of Golden Bear's conduct not only as to AAP but also as to other copyright holders.

Finally, no justification has been provided for Golden Bear's assertion that this area of inquiry would lead to the disclosure of confidential, proprietary or trade secret information.  It is unfathomable how Golden Bear's internet marketing and advertising, exposed to the public on the world wide web, could be considered confidential.  No protective order is granted as to this area of inquiry.

**B.      Area of Inquiry 2: The use of photographs in real estate listings by GOLDEN BEAR REALTY, LLC during the three years prior to the filing of the complaint in this action.**

> Protection Sought: Golden Bear seeks to limit the scope to the alleged use of the Works and to information that is not confidential, proprietary or a trade secret and narrow the time from three years to January 1, 2012 to the date of the filing of the Complaint.

> AAP's Response in Opposition: MLS listings typically contain at least one, and sometimes several, photographs of the interior and exterior of the property offered for sale, and these photographs are often taken by professional photographers.  Widely publicized studies have shown that homes sell better when they have listing photos taken by a professional photographer.  Studies have also

5

> shown that adding additional photographs to a listing increases the
> price that can be obtained for the property.

The allegations in the Amended Complaint include two properties wherein Golden Bear

allegedly committed copyright infringement by using AAP's photographs in their listings

submitted to a multiple listing service ("MLS") without AAP's authorization.  Since the filing of

the Amended Complaint, AAP has identified another real estate listing where photographs

belonging to AAP were used by Golden Bear without permission.

The only difference between this area of inquiry and the first is that this area is specific to

real estate listings as opposed to internet marketing and advertising.  Otherwise, the reasons why

the motion should be denied are the same and as those advanced concerning the first area of

inquiry.  The discovery requested is relevant and likely to lead to the discovery of admissible

evidence.  Golden Bear has not demonstrated good cause for protection.  The motion for

protective order is denied as to this area of inquiry.

**C.      Area of Inquiry 3: The development and maintenance of all GOLDEN BEAR
          REALTY, LLC web sites during the three years prior to the filing of the complaint
          in this action**.

> Protection Sought: Golden Bear seeks to limit the scope to the
> development and maintenance related to the "Works" and to
> information that is not confidential, proprietary or a trade secret
> and narrow the time from three years to January 1, 2012 to the date
> of the filing of the Complaint.
>
> AAP's Response in Opposition: The allegations in the Amended
> Complaint include 19 photographs that Golden Bear used without
> authorization on its website.  Subsequently, AAP found more of its
> photographs posted on Golden Bear's website without AAP's
> permission.

This area of inquiry is again, essentially that same as the first area of inquiry, and the reasons

6

the motion should be denied as to this area are also the same.  The discovery requested is relevant

and likely to lead to the discovery of admissible evidence, and Golden Bear has not demonstrated

good cause for protection.

D.     **Area of Inquiry 4: The relationship with internet advertising and marketing service providers to GOLDEN BEAR REALTY, LLC during the three years prior to the filing of the complaint in this action**.

> Protection Sought: Golden Bear seeks to limit Plaintiff from asking questions regarding the subject of this Area of Inquiry and regarding information that is confidential, proprietary or a trade secret, or to at least clarify what specific information is sought as the area of inquiry is vague.

> AAP's Response in Opposition: Golden Bear's relationship with internet advertising and marketing service providers is highly relevant to the allegations of infringement and Golden Bear's affirmative defenses.  Golden Bear's objection that AAP is trying to "find third-parties to assert claims against" is not a valid basis to limit discovery, even if it were true.  And besides, if there are third parties that Golden Bear knows about who also infringed, AAP is entitled to know who they are and what they did that violated its copyrights.

Golden Bear has asserted a defense that acts complained of, and the resulting harm, were

acts of third-parties over whom it had no control and no right to supervise.  Having made the

conduct of third-parties an issue and having asserted the absence of a right to control those

parties, Golden Bear cannot complain when asked to testify about the relationship with these

parties.  While "vagueness" may be appropriate for an objection to a specific question, Golden

Bear has not demonstrated an inability to present a witness to testify on the designated topic.

Golden Bear again provides no details to support its assertion that this area of inquiry

would lead to the disclosure of confidential, proprietary or trade secret information.  No

particularized showing of "good cause" as to what confidential information might be disclosed is

offered.  No specific harm that would result from disclosure or loss of confidentiality is offered.

The motion for protective order as to this area of inquiry is denied.


**E.      Area of Inquiry 5: The sale of properties depicted in the Works attached to the complaint**.

> Protection Sought by Golden Bear: Golden Bear seeks to limit
> Plaintiff from asking questions regarding the subject of this Area of
> Inquiry.

> AAP's Response in Opposition: Golden Bear seeks to exclude all
> testimony on this subject.  Golden Bear's basis is that it believes
> that under no circumstances may AAP be entitled to recover
> anything other than a reasonable licensing fee as damages.

A copyright owner's claim for damages is not limited to a reasonable licensing fee:

> *Actual Damages and Profits*. — The copyright owner is entitled to recover the actual
> damages suffered by him or her as a result of the infringement, and ***any profits of the
> infringer that are attributable to the infringement*** and are not taken into account in
> computing the actual damages.  In establishing the infringer's profits, the copyright owner
> is required to present proof only of the infringer's gross revenue, and the infringer is
> required to prove his or her deductible expenses and the elements of profit attributable to
> factors other than the copyrighted work.

17 U.S.C. § 504(b) (emphasis added).  Based on the plain language of § 504(b), AAP can recover

not only actual damages, but also Golden Bear's profits attributable to the infringement.

Whether Golden Bear's sale of any properties is attributable to the infringement of AAP's

photographs is discoverable.


**F.      Area of Inquiry 6: The posting, editing or alteration of photographs to GOLDEN
BEAR REALTY, LLC websites during the three years prior to the filing of the
complaint in this action.**

> Protection Sought: Golden Bear seeks to limit the scope to its

8

alleged posting, editing or altering the Works and to information
that is not confidential, proprietary or a trade secret and narrow the
time from three years to January 1, 2012 to the date of the filing of
the Complaint.

AAP's Response in Opposition: The alteration of photographs
posted on the public Internet cannot possibly be confidential.  In
addition, for the same reasons as area of inquiry number 1 above
concerning internet marketing and advertising, and area of inquiry
number 3 above concerning the development and maintenance of
web sites, the time frame designated is proper and the discovery
requested is relevant and likely to lead to the discovery of
admissible evidence.  Golden Bear has not demonstrated good
cause for protection, and the motion should be denied.

Golden Bear provides no details to support its assertion that this area of inquiry would require the

disclosure of confidential, proprietary or trade secret information.  Whether Golden Bear posted,

edited or altered photographs on its website, whether the photographs are the property of AAP or

another entity, is relevant to the claims at issue in this action.  The motion for protective order is

denied as to this area of inquiry.

**G.     Area of Inquiry 8: Your policies and procedures for using photographs in listings.**

Protection Sought: Golden Bear seeks to only provide information
to this area of inquiry subject to a confidentiality order limited to
"attorneys' eyes only."

AAP's Response in Opposition: Golden Bear says that disclosure
of the information requested without "such a confidentiality
restriction could lead to Golden Bear's competitors
obtaining/receiving the information and using it to their
advantage."  No reasons how or why this disclosure could occur
have been offered.  Any competitor can look at what Golden Bear
does on the public Internet and see how it uses photographs.
Furthermore, since AAP's business is photography, not selling real
estate, it is hard to imagine why an "attorney's eyes only"
confidentiality order is necessary.  In any event no justification for

> restricting information to an "attorney's eyes only" basis has been
> provided.  As a result, there is no basis upon which the
> Court can enter a protective order.

Golden Bear's policies and procedures for using photographs in its real estate listings is relevant to the claims at issue in this matter.  As far as Golden Bear's claims of confidentiality go, any member of the general public can view Golden Bear's listings and thereby see how it uses its photographs.  The motion for protective order is denied as to this area of inquiry.

**H.**     **Area of Inquiry 9: Your policies and procedures for using photographs on web pages.**

> Protection Sought: Golden Bear seeks to only provide information
> to this area of inquiry subject to a confidentiality order limited to
> "attorneys' eyes only."

> AAP's Response in Opposition: Again, no basis for the requested
> confidentiality restriction has been offered.  The reasons why the
> motion should be denied are the same and so for the reasons
> advanced concerning area of inquiry number 8 above, Golden Bear
> has not demonstrated good cause for protection, and the motion
> should be denied.  As a result, there is no basis upon which the
> Court can enter a protective order.

Golden Bear's policies and procedures for using photographs on its website is relevant to the claims at issue in this matter.  As far as Golden Bear's claims of confidentiality go, any member of the general public can view Golden Bear's website and thereby see how it uses its photographs.  The motion for protective order is denied as to this area of inquiry.

**I.**     **Area of Inquiry 10: Your policies and procedures for using photographs on Facebook.**

> Protection Sought: Golden Bear seeks to only provide information
> to this area of inquiry subject to a confidentiality order limited to
> "attorneys' eyes only."

> AAP's Response in Opposition: No basis for the requested
> confidentiality restriction has been offered.  The reasons why the
> motion should be denied are the same and so for the reasons
> advanced concerning area of inquiry number 8 above, Golden Bear
> has not demonstrated good cause for protection, and the motion
> should be denied.  As a result, there is no basis upon which
> the Court can enter a protective order.

Golden Bear's policies and procedures for using photographs on Facebook is relevant to the claims at issue in this matter.  As far as Golden Bear's claims of confidentiality go, any member of the general public can view Golden Bear's Facebook page and thereby see how it uses its photographs.  The motion for protective order is denied as to this area of inquiry.

**J.      Area of Inquiry 11: Your relationship with Regional Multiple Listing Service of Florida ("RMLS") and any other multiple listing services that you are a member of.**

> Protection Sought: Golden Bear seeks to limit Plaintiff from asking
> questions regarding this Area of Inquiry or to narrowly limit the
> scope of questions to the actual claim in the instant action.

> AAP's Response in Opposition: "A multiple listing service is a
> common database where member companies submit listings to
> facilitate the exchange of information about one another's
> listings so agents can cross company lines to sell one another's
> houses and can show clients all houses on the market, not just
> those homes listed with their own company." *Mid-America Real
> Estate Co. v. Iowa Realty Co.,* No. 4:04-CV-10175, 2004 U.S.
> Dist. LEXIS 10155, 2004 WL 1280895, at *2 (S.D. Iowa 2004).

The allegations in the amended complaint include two properties wherein Golden Bear committed copyright infringement by using AAP's photographs in their listings submitted to MLS without AAP's authorization.  RMLS has twice notified Golden Bear of MLS rule violations as a result of its infringing conduct and removed the infringing photographs from Golden Bear listings. AAP is entitled to information about Golden Bear's relationship with

RMLS and other MLS's to determine what, if any, consequences Golden Bear may have suffered, what contractual obligations, if any, Golden Bear may have violated, and similar areas of inquiry.

Moreover, by raising the affirmative defense of "unclean hands," Golden Bear has placed its own conduct at issue.  AAP may inquire whether Golden Bear committed copyright violations on other MLS systems.

Finally, Golden Bear's relationship with RMLS and other MLS systems is relevant to the affirmative defense that the acts complained of, and the resulting harm, were acts of third-parties over whom Defendant had no control and no right to supervise.  Golden Bear therefore may not complain when asked to testify about the relationship with third parties, *i.e.,* MLS providers.  No protective order is granted as to this area of inquiry.

## K.      Area of Inquiry 12: Your use of IDEX feeds.

> Protection Sought: Golden Bear seeks to limit Plaintiff from asking questions regarding this Area of Inquiry or to narrowly limit the scope of questions to the actual claim in the instant action.
>
> AAP's Response in Opposition: An MLS provides an Internet Data Exchange (IDEX) feed to subscribers who wish to display MLS listings on their websites.  Golden Bear subscribes to at least one IDEX feed which it uses to display real estate listings on its website.  IDEX provides Golden Bear with access to on-line listing data including photos.  The listing is sent electronically in a manner referred to as a "feed."

Golden Bear's use of IDEX feeds is relevant for the same reason that Golden Bear's relationship with internet advertising and marketing service providers is relevant to allegations of infringement and Golden Bear's affirmative defenses.

Moreover, this request is not "vague." In fact, it is quite specific.  There are vendors that provide IDEX feeds to websites, or a company like Golden Bear can obtain the feed directly from an MLS.  Nowhere does Golden Bear allege that it cannot provide a witness on how it uses IDEX feeds.

### IV.    CONCLUSION

THE COURT, having considered the pertinent portions of the record and being otherwise fully advised, hereby

ORDERS AND ADJUDGES that the amended motion for protective order, filed August 19, 2013 **[DE 28]**, is DENIED.  No sanctions will issue in relation to this motion.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 15th day of October, 2013.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE